IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CT-3207-FL

| | | |
|---|---|---|
| JOHN MARION HUFF, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JERRY MONETTE, | ) | |
| | ) | |
| Defendant. | ) | |

The matter now comes before the court on plaintiff's motion for an extension of time and to appoint counsel (DE 18), plaintiff's discovery motions (DE 19, 24, 33, 37, 43), and defendant's motion for summary judgment (DE 26) pursuant to Federal Rule of Civil Procedure 56. The issues raised have been fully briefed and are ripe for adjudication.

**STATEMENT OF THE CASE**

On August 17, 2016, plaintiff, a state inmate, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that Jerry Monette, the Sheriff of Craven County, and William Hoyt Paramore, his defense attorney, violated his constitutional rights because they were deliberately indifferent to his serious medical need of diabetes. (Compl. (DE 1) at 5; Pl. Ex. (DE 3-1)). Specifically, he contends they failed to abide by a "Safekeeping Order" directing plaintiff to be transferred for medical reasons. (Compl. (DE 1) at 5). Plaintiff filed a motion to appoint counsel

on September 12, 2016. (DE 9). The court[1] conducted a frivolity review on March 10, 2017 and dismissed Paramore as a defendant from this action (DE 12). Plaintiff's claims against defendant Monette survived review. (Id.). The court also denied plaintiff's motion to appoint counsel. (Id.).

On March 31, 2017, plaintiff renewed his request for the appointment of counsel, and also requested additional time "to prepare for [this] case." (DE 18). The motion did not request an extension of any specific deadline, and, moreover, at the time it was filed plaintiff did not have any pending response deadlines. Thereafter, plaintiff began filing several motions requesting the production of discovery (DE 19, 24, 33, 37, 43). These motions largely do not indicate that plaintiff requested discovery from defendant and his request was denied, but rather seek discovery directly from the court. Likewise, the motions do not comply with Rule 37(a) of the Federal Rules of Civil Procedure or Local Civil Rule 7.1(c).

Defendant filed the instant motion for summary judgment on July 10, 2017 (DE 26), arguing: 1) plaintiff did not exhaust his administrative remedies; 2) plaintiff's claims fail on the merits; and 3) he is entitled to qualified immunity. In support thereof, defendant attached the following: 1) affidavit of Lee Thomas; 2) affidavit of Bernadine T. Johnson; 3) records relevant to plaintiff's transportation; 4) Safekeeping Orders pertaining to plaintiff; and 5) affidavit of defendant. (See (DE 29-3)). Thereafter, plaintiff filed a second motion to appoint counsel (DE 32) and also requested an extension of time to respond to defendants motion for summary judgment (DE 34). The second motion to appoint counsel was denied (DE 32), and his request for an extension was granted (DE

---

[1] This case was initially assigned to United States Senior Judge James C. Fox. On June 22, 2017, the case was reassigned to United States District Judge Louise W. Flanagan. (DE 25).

35). Plaintiff filed a timely response to the motion for summary judgment[2] (DE 31, 38, 39, 40), and defendant filed a reply (DE 41).

## STATEMENT OF THE FACTS

The facts viewed in light most favorable to plaintiff may be summarized as follows.[3] Plaintiff's claims are centered on his assertion that defendant was deliberately indifferent to his serious medical need of diabetes. (Compl. (DE 1) at 5). Specifically, he contends that defendant was aware that plaintiff needed to be transferred to a facility better equipped to treat plaintiff's diabetes and refused to do so. Id. at 5-6.

Plaintiff was incarcerated at Craven County Detention Center ("CCDC")[4] from December 8, 2011 until August 25, 2015. Id. at 5. During his incarceration at CCDC, he required treatment for diabetes. Id. at 5-7. On April 9, 2014, the Craven County district court issued a Safekeeping Order, which stated, in relevant part:

> The above-named defendant must be held in the North Carolina Department of Adult Corrections. He has diabetes and it is currently not able to be controlled and has lost vision. The Craven County Confinement Facility does not have the capabilities to properly care for this defendant. The defendant's medical treatment can best be provided by the Division of Adult Correction of the Department of Public Safety.
>
> WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT: the above-named defendant be housed in the North Carolina Department of Adult Correction where he shall be held until further order of the Court.

---

[2] Plaintiff responded to the summary judgment motion on or about the same date he requested his extension (DE 31). After he was granted the extension, he supplemented his response (DE 38, 39, 40).

[3] Plaintiff's responses are rambling and disjointed. However, plaintiff apparently concedes that the assertions in defendant's supporting affidavits and exhibits "could be true" because he does not remember the events clearly. (Pl. Resp. (DE 39-1) at 2). Likewise, some of plaintiff's responses could arguably be construed as attempting to raise new deliberate indifference claims. (See (DE 31) at 2-3); (DE 39) at 1); (DE 39-2)). Plaintiff has not sought leave to amend his complaint, nor is the sole remaining defendant a proper defendant for those claims. Accordingly, the court declines to address them in this posture.

[4] Plaintiff is now incarcerated at Caledonia Correctional Institution. (DE 48).

(Pl. Ex. (DE 3-1)).

It is the standard policy and practice of the Craven County Sheriff's Office that when a Confinement Facility nurse or other member of the medical staff indicates that an inmate needs safekeeping due to a medical condition, the Craven County Sheriff's Office requests a Safekeeping Order from the competent court as soon as practicable. (Thomas Aff. (DE 29-1) ¶ 4). Once the Safekeeping Order is issued, the Craven County Sheriff's Office arranges for transport of the inmate in accordance with the Safekeeping Order. (Id. at ¶ 6.).

Here, plaintiff was transported from CCDC to Central prison at 1:00 p.m. on April 9, 2014. (Johnson Aff. (DE 29-2) ¶ 7); (Def. Ex. A (DE 29-2) at 6). Thereafter, plaintiff was incarcerated at Central Prison from April 9, 2014 until May 2, 2014. (Def. Ex. C (DE 29-2) at 10). Defendant is not involved in the day to day operations at CCDC. (Monette Aff. (DE 29-2) ¶ 4). Likewise, defendant is not personally involved in the process of arranging for the transportation of inmates in compliance with Safekeeping Orders. (Id. ¶ 4). Similarly, he was not specifically involved with nor does he have any personal knowledge of plaintiff's transportation on April 9, 2014. (Id. ¶¶ 5-6).

## DISCUSSION

A.  Motion for Extension of Time and to Appoint Counsel

This motion states in its entirety:

To the Honorable Clerk of United States District Court, Eastern District

Now comes John Marion Huff Jr., Plaintiff proceeding pro se, and respectfully request more time to prepare for case No. 5:16-ct-3207-F

1.
Due to medical reasons and depression, plaintiff needs more to prepare for case no. 5:16-ct-3207-F
2.
Plaintiff respectfully ask[s] the court for [licensed] attorney to be appointed in case

4

no. 5:16-ct-3207-F

(Mot. (DE 18)).

To the extent plaintiff seeks an extension of time, at the time plaintiff filed this motion he was not facing any pending deadlines. Furthermore, his bald assertion that he suffers from unspecified medical problems and depression, without more, is insufficient to support an extension. Moreover, he has already been granted an extension of time for the only deadline he has faced–responding to the instant motion for summary judgment. Plaintiff has already filed several responses to that motion. Accordingly, plaintiff's request for an extension of time is DENIED.

Plaintiff also seeks appointment of counsel for the third time. As the court noted in its previous orders, there is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

Plaintiff's third motion does not present any facts which would alter the court's prior determination that exceptional circumstances do not exist. Plaintiff's claim is not complex, and he has demonstrated through the detail of his filings he is capable of proceeding pro se. See Evans v. Kuplinski, No. 16–6136, 2017 WL 5513206, at *3 (4th Cir. Nov. 17, 2017) (finding a case presented

5

exceptional circumstances when it implicated a legally complex tolling argument and when plaintiff was severely mentally ill). Therefore, plaintiff's third motion to appoint counsel is DENIED.

B.   Discovery Motions

Plaintiff has filed numerous motions seeking the production of discovery (DE 19, 24, 33, 37, 43). Federal Rules of Civil Procedure 37 provides that when a party fails to respond to discovery, the party seeking discovery can move for an order compelling production. Fed. R. Civ. P. 37(a)(3)(B). When addressing a motion to compel discovery, the trial court holds broad discretion. See LaRouche v. Nat'l Broadcasting Co., Inc., 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court."); see also Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion."); Cook v. Howard, 484 F. App'x 805, 812 (4th Cir. 2012) ("District courts are afforded broad discretion with respect to discovery[.]").

Rule 37 requires that a motion to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Id.(a)(1). Similarly, Local Civil Rule 7.1(c) requires that "[c]ounsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civ. R. 7.1(c), E.D.N.C.; see Jones v. Broadwell, No. 5:10-CT-3223-FL, 2013 WL 1909985, at *1 (E.D.N.C. 8 May 2013) (denying motion to compel which did not state that party complied with Rule 37(a) or Local Civil Rule 7.1(c)). Plaintiff has not complied with these requirements. Indeed, it appears that many of

his discovery requests were not served on defendant, but rather that plaintiff seeks discovery directly from the court.

Moreover, in both his Answer and summary judgment motion, defendant raised the defense of qualified immunity. (See (DE 21) at 4; (DE 27) at 9-10). The defense of qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); see also Lescs v. Martinsburg Police Dep't, 138 F. App'x. 562, 564 (4th Cir. 2005) (per curiam) (holding that the district court was required to rule on defendant's dispositive motion raising qualified immunity issues prior to allowing discovery). In Mitchell, the Court observed that "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell, 472 U.S. at 526. Because defendant raises the defense of qualified immunity and asserts that plaintiff cannot establish a constitutional violation, his is entitled to a resolution of the issue prior to being subject to the burdens of litigation, including discovery.

For these reasons, plaintiff's pending discovery motions (DE 19, 24, 33, 37, 43) are DENIED.

C.  Motion for Summary Judgment

1.  Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317,

323 (1986).

Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (internal quotation omitted). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party).

"[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable

8

inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489-90.

2.   Analysis

Defendant asserts the affirmative defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In other words, a government official is entitled to qualified immunity when (1) the plaintiff has not demonstrated a violation of a constitutional right, or (2) the court concludes that the right at issue was not clearly established at the time of the official's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 232 (2009). Courts have discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case at hand." Pearson, 555 U.S. at 236. If the plaintiff cannot establish a violation of a constitutional right, defendant is entitled to qualified immunity and it is not necessary to undertake the clearly established analysis. See id. For the reasons stated below, the court finds that defendant is entitled to qualified immunity because plaintiff has failed to establish defendant violated his constitutional rights.

a.   Failure to Exhaust

Defendant raises the affirmative defense that plaintiff failed to exhaust his administrative remedies. Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Ross v. Blake, __ U.S. __, 136 S. Ct. 1850, 1856 (2016) ("[A] court may not excuse a failure to exhaust, even to take [special circumstances] into account."); Woodford

9

v. Ngo, 548 U.S. 81, 83-85 (2006); see Jones v. Bock, 549 U.S. 199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford, 548 U.S. at 84. Exhaustion is mandatory. Woodford, 548 U.S. at 85; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

Here, plaintiff concedes on the face of his complaint that he did not exhaust his remedies. (Compl. (DE 1) at 8. In addition, the summary judgment record further establishes a grievance procedure was available to him at CCDC, and that plaintiff did not utilize that procedure. (Thomas Aff. (DE 29-1) ¶¶ 8-10). Accordingly, plaintiff's claims are DISMISSED without prejudice for failure to exhaust.

    b.  Failure to Demonstrate Claim

In the alternative, plaintiff's claims fail on the merits. To establish a constitutional violation for improper medical care while in custody, a plaintiff must demonstrate that defendants acted with "deliberate indifference" (subjective component) to his "serious medical needs" (objective component). Estelle v. Gamble, 429 U.S. 97, 104 (1976). "Deliberate indifference" involves more than ordinary negligence and requires that a prison official "knows of and disregards an excessive

risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

A prison official must actually know of and disregard an objectively serious medical need. Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (quoting Farmer, 511 U.S. 838-39). A medical need is deemed "serious" when it "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (citation omitted).

In this case, under the objective component of the test, plaintiff has at least one objectively serious medical need, his diabetes. (Compl. (DE 1) at 7). Plaintiff, however, has not shown that defendant acted with deliberate indifference because the undisputed evidence reflects that defendant did not disregard plaintiff's serious medical need. Specifically, prison officials complied with the Safekeeping Order on the same day it was issued. (Def. Ex. A (DE 29-2) at 6).

Moreover, it appears defendant is named solely in his supervisory capacity. The Fourth Circuit has set forth three elements necessary to establish supervisory liability under § 1983:

1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff;

2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,' and

3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk

11

of harm of constitutional injury." Id.; see also Wellington v. Daniels, 717 F.2d 932, 936 (4th Cir.1983) (supervisory liability requires "a history of widespread abuse."). Plaintiff's allegation fall well short of this standard. On the contrary, as noted above, defendant had no specific knowledge of plaintiff's transportation on April 9, 2014. (Monette Aff. (DE 29-2) ¶¶ 4-6). There is no evidence that he oversaw a consistent disregard for Safekeeping Orders. (Thomas Aff. (DE 29-1) ¶¶ 4-6). Moreover, as noted above, prison officials complied with the Safekeeping Order on the same day it was issued. (Def. Ex. A (DE 29-2) at 6).

Finally, a district court may decline to exercise supplemental jurisdiction over a claim if the district court dismisses all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3); see Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995); see also, Gantt v. Whitaker, 203 F. Supp.2d 503, 512 (M.D.N.C. Feb. 26, 2002) (declining to exercise supplemental jurisdiction over plaintiff's state law claims including those again the sheriff's official bond), aff'd, 57 F. App'x 141 (4th Cir. 2003). Although he does not explicitly do so, to the extent plaintiff intends to raise state law negligence claims, the court declines to exercise its supplemental jurisdiction over such claims. Accordingly, any state law claims are DISMISSED without prejudice.

In summary, plaintiff's claims are unexhausted, and moreover, he has failed to demonstrate that defendant acted with deliberate indifference. Accordingly, his claims are dismissed

## CONCLUSION

In summary, plaintiff's motion for an extension of time and to appoint counsel (DE 18) is DENIED, plaintiff's discovery motions (DE 19, 24, 33, 37, 43) are DENIED, and defendant's motion for summary judgment (DE 26) is GRANTED. Plaintiff's claims are DISMISSED without prejudice. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 29th day of March, 2018.

                                                  LOUISE W. FLANAGAN
                                                  United States District Judge